**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROBERT DONALD BRUNK,

    Petitioner,

-vs-                                                             Case No.  8:01-cv-1190-T-30MSS

JAMES V. CROSBY, JR.,

    Respondent.
_____/

**ORDER**

This matter comes before the Court for consideration of Petitioner's Application for Certificate of Appealability filed pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 61). On November 4, 2004, Petitioner filed his notice of appeal (Dkt. 22) of the October 5, 2004 decision denying his petition for federal habeas relief as time barred under 28 U.S.C. § 2244(d) (Dkt. 20).

Petitioner raises numerous issues relevant to the performance of privately-retained post-conviction counsel he asserts entitle him to relief. These issues are, however, not relevant to the Court's consideration of Petitioner's request for the issuance of a certificate

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

of appealability because they involve events which transpired well after the expiration of the federal limitations period on April 29, 2000. *See Helton v. Sec. for the Dept. of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition . . ."). Any misinformation counsel may have given Petitioner regarding the expiration of the federal limitations period <u>after</u> the period had already expired is, likewise, not relevant to whether Petitioner has established that the Court should issue a certificate of appealability on the issue of whether his petition is time barred. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) (footnote omitted).

This Court found that Petitioner failed to file a timely petition for federal habeas relief. The Court further found that under the criteria applied in this circuit, Petitioner failed to demonstrate that exceptional circumstances warrant equitable tolling of the limitation period.

"In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence." *Drew v. Dep't. of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Ignoring the fact that a total of 636 days elapsed between the date on which his conviction became final and the date on which he filed his state application for post-conviction relief pursuant to Fla. R. Crim. P. 3.850, Petitioner focuses, instead, on the 271-day period between the expiration of the federal limitation period and the filing of his Rule 3.850 motion, arguing that:

> [F]or over 271 days, petitioner did not have access to a law library or any of his legal materials as a result of a fire that, surrounding the prison, caused a complete lockdown status, transfer of all athsma [sic] inmates, including petitioner, to [the] Central Florida Reception Center until the smoke completely cleared and return transfer became available, and substantial delay waiting for the prison property room to catch up on processing these

>inmates. . . . Petitioner is handicapped and restricted to a wheelchair and periodically undergoes medical examinations and treatment, requiring unpredictable emergency transfers both before and after the fire, including one heart attack. During these emergencies and transfers, petitioner's initial research and draft of his state post conviction motion was misplaced by DC [sic] officials and it was impossible to locate it because it was not in final draft form (without caption). Thus petitioner had to start from scratch -- a particularly difficult task due to his age . . . and effects of medication on his memory.

Dkt. 61 at 2-3.

Petitioner does not assert that the Central Florida Reception Center does not have a law library or that he was refused access thereto. *See* Fla. Admin. C. § 33-501.301 (providing for the establishment, maintenance, and accessibility of law library collections at facilities operated by the Florida Department of Corrections ("FDOC") based on the inmate population of the facility). In this circuit, equitable tolling has been found to be inapplicable for periods of various lockdowns or during a period in which the petitioner's legal papers were misplaced by the prison where, as in the present case, the petitioner fails to explain his failure to complete and file the petition during the period he was not subject to the lockdown and in possession of his legal papers. *See Atkins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000). Moreover, given that forest fires caused the lockdown and subsequent evacuation of certain smoke-sensitive prisoners to other FDOC facilities because of concerns for their health and safety, the lockdown is not considered an "unconstitutional impediment" which prevented Petitioner from exercising his right of access to the courts. *See id.* at 1090.

Accepting Petitioner's allegations in the application as true, he fails to demonstrate that he was diligent in pursuing post-conviction relief. *See Dodd v. United States*, 365 F.3d 1273, 1287 (11th Cir. 2004), *cert. granted on other grounds*, __ U.S. __, 125 S.Ct. 607, 160

L.Ed.2d 456 (Nov. 29, 2004) (No. 04-5286); *Helton*, 259 F.3d at 1312.  Petitioner has not shown "with any degree of particularity what efforts he made that would even arguably constitute an appropriate degree of diligence for someone in his situation." *Dodd*, 365 F.3d at 1283.

Petitioner also fails to provide sufficient factual support for his assertion that medical transfers limited his ability to file a timely petition.  Transfers are not generally considered "exceptional circumstances" which warrant allowing a petitioner to proceed on an otherwise time-barred petition, *see id*. at 1282-83, and Petitioner fails to provide any details regarding when his heart attack occurred, much less how it prevented him from filing a timely petition.

Finally, the fact that Petitioner's misplaced papers were "impossible to locate" because the document was "without caption" does not constitute an  "extraordinary circumstance" *beyond his control*. *See Wyzykowski v. Dep't. of Corrs.*, 226 F.3d 1213, 1216 (11th Cir. 2000) (finding that § 2244 permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence" (emphasis added)) (citation omitted).

To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the petition  is time-barred and Petitioner has failed to make a sufficient showing of the "extraordinary circumstances" required to warrant equitable tolling of the limitations period, Petitioner has failed to satisfy the second prong of the *Slack* test.  529 U.S. at 484.  Petitioner has also

failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

ACCORDINGLY, the Court **ORDERS** that Petitioner's Application for Certificate of Appealability is **DENIED** (Dkt. 61).

**DONE** and **ORDERED** in Tampa, Florida on May 5, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished:
Counsel/Parties of Record

SA:jsh